491 So.2d 335 (1986)
W.M., a Juvenile, Appellant,
v.
The STATE of Florida, Appellee.
No. 85-431.
District Court of Appeal of Florida, Third District.
July 22, 1986.
*336 Bennett H. Brummer, Public Defender, and N. Joseph Durant, Jr., Miami, for appellant.
Jim Smith, Atty. Gen., and Richard L. Kaplan, Asst. Atty. Gen., for appellee.
Before HUBBART and NESBITT and BASKIN, JJ.
PER CURIAM.
This is an appeal from a juvenile delinquency adjudication for disorderly conduct as proscribed by Section 877.03, Florida Statutes (1985). The sole point urged on appeal is that the evidence was legally insufficient to prove the crime of disorderly conduct. We affirm.
The record reveals that two police officers stopped an automobile in which the respondent W.M. was a passenger. The stop, which was concededly a valid one, was made pursuant to a call about shots being fired from an automobile. The male occupants in the automobile, including the respondent, all got out and started running around shouting profanities at the police officers. The respondent shouted, "Why in the f____ you stopping us? We haven't did anything." A hostile crowd of fifty to seventy-five people gathered which caused the officers to call for back-up police units.
Under these circumstances, we conclude that the respondent's conduct in running around near the automobile shouting profanities at the police officers, which drew a large hostile crowd, constitutes disorderly conduct under the above statute. Plainly, this conduct, coupled with the shouted profanities, "`tend[ed] to incite an immediate breach of the peace,'" State v. Saunders, 339 So.2d 641, 644 (Fla. 1976) (quoting White v. State, 330 So.2d 3, 7 (Fla. 1976)); stated differently, the shouted profanities in the context of this case amounted to "fighting words" within the meaning of the Saunders decision and were accordingly punishable under the disorderly conduct statute. See also White v. State, supra, at 7.
The juvenile delinquency adjudication under review is therefore, in all respects,
Affirmed.